IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.  Case No. 1:19-cr-00286-ELH-3

Brian Blackston

\*\*\*\*\*\*

**MEMORANDUM AND ORDER**

On June 17, 2020, Defendant filed a Motion to Reopen Detention Hearing seeking to reargue the issue of his detention due to the unanticipated and material change in circumstances brought about by the COVID-19 pandemic pursuant to § 3142(f))(2)(B) of the Bail Reform Act, 18 U.S.C. § 3141, *et seq*. (the "BRA"). (ECF No. 538). Defendant's argument was that, given the increased risk of spread of the virus in a custodial situation like the Chesapeake Detention Facility ("CDF") where he is currently detained pending trial, and given his potential susceptibility to complications should he contract the virus, he should be released to home confinement. *Id*. at 1. Defendant included a copy of his relevant medical records, filed under seal. (ECF No. 540). On June 22, 2020, the Government filed its Response in Opposition. (ECF No. 544). On June 23, 2020, Defendant filed a Reply. (ECF No. 550). On June 23, 2020, the Court denied Defendant's motion. (ECF No. 552). On or about July 2, 2020 (docketed August 10, 2020), Defendant *pro se* (though represented by counsel) wrote to the Court himself, which the Court will treat as a motion to reconsider the Court's June 23, 2020 denial. (ECF No. 635). The Court finds that no hearing is necessary. Defendant's motion is **DENIED**. Following is the Court's rationale.

As he did through counsel in his original motion, Defendant argues that his conditions of confinement at CDF in the setting of the COVID-19 pandemic support his release to home detention given underlying health conditions (asthma) which, under certain circumstances, can render one more susceptible to complications should one contract the virus. (ECF No. 635 at 1). Defendant argues that CDF's testing of all detainees in June was belated and therefore indicative of a flaw in the facility's overall approach to containing the virus. *Id.* Further, Defendant cites the quarantining of a fellow detainee (and that detainee's cell mate) who tested positive for the virus who resided in proximity to Defendant and argues that there was ineffective contact tracing for that positive detainee, a lack of appropriate cleaning of that detainee's living space during his quarantine, and an alleged failure to retest that detainee before returning him to his cell. *Id.* Defendant argues that he expected to be provided an N-95 mask but was only provided a lesser mask. *Id.* Finally, Defendant recounts observing a CDF staff member who does not wear a mask during her rounds. (ECF No. 635-1 at 3).

In its earlier memorandum and order, this Court observed that Defendant's medical records—which confirm that he carries a diagnosis of asthma—nonetheless do not demonstrate the "moderate to severe" asthma that the Centers for Disease Control lists as a possible risk factor for COVID-19 complications. (ECF No. 552 at 4). In the absence of that degree of asthma, there is no indication that Defendant is at higher risk for complications should he contract the virus. Nothing in the instant motion changes that analysis as Defendant offers no additional information in this regard.

As to the perceived lapses in COVID-19 precautions that Defendant describes anecdotally, and the overall conditions of his confinement at CDF, the Court noted the challenges of managing a global pandemic in a custodial setting such as CDF in its previous opinion. *Id.* at 4-5. The Government's original Opposition detailed all of the steps being taken at

CDF to manage the virus.  (ECF No. 544 at 10-13).  Defendant is likely not in a position to fully appreciate all of these steps, such as the procedures for quarantining (including evaluation for release from quarantine) which take place at locations different from his tier.  Even if there are some individual lapses in some of these protocols as described by Defendant, the overall system of controls at CDF has been extraordinarily effective, now more than five months into the pandemic. *See* news.maryland.gov/dpscs/COVID-19 (last visited 8/17/20) (demonstrating that overall, CDF (with a detainee population of 331) has had seven positive cases, only one of which has yet to fully recover.)

In sum, Defendant has not brought to the Court's attention in the instant motion any "new and material" information that would change this Court's previous analysis under 18 U.S.C. § 3142(f)(2)(B) so as to justify the Court revisiting the detention issue under the § 3142(g) factors.  Further, Defendant cites no new information that would justify a change in the Court's previous balancing of the factors under 18 U.S.C. § 3142(i) allowing for temporary release.  Accordingly, Defendant's Motion for Reconsideration is **DENIED**.

 8/18/2020
Date



J. Mark Coulson
United States Magistrate Judge